STATE OF MONTANA EX REL. CASCADE COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF MONTANA; COUNTY COMMISSIONERS AND COUNTY BOARD OF EQUALIZATION OF CASCADE COUNTY, MONTANA, AND OTTO POWELL, W. D. WEIR AND A. E. FOUSEK, AS THE FULL BOARDS OF COUNTY COMMISSIONERS AND COUNTY BOARD OF EQUALIZATION OF SAID CASCADE COUNTY, RELATORS AND RESPONDENTS, v. WILLIAM J. RYAN, COUNTY ASSESSOR OF CASCADE COUNTY, MONTANA; JOSEPH L. LENNON, COUNTY CLERK AND RECORDER OF CASCADE COUNTY, MONTANA; J. R. LINNANE, COUNTY TREASURER OF CASCADE COUNTY, MONTANA; THE STATE BOARD OF EQUALIZATION AND J. F. REID, E. J. BYRNE, AND W. J. WINTERS, MEMBERS OF THE STATE BOARD OF EQUALIZATION, RESPONDENTS AND APPELLANTS.

Nos. 9943 and 10015.

Submitted November 30, 1959. Decided April 29, 1960.

Rehearing denied May 24, 1960.

351 Pac. (2d) 916.

H. O. Vralsted, George T. Bennett, Edward C. Schroeter, Chief Tax Counsel, Helena, for appellants. Edward C. Schroeter argued orally.

Wesley W. Wertz, Helena, argued orally, amicus curiae.

Forrest H. Anderson, Attorney General, R. V. Bottomly and Gene Daly, County Attorneys, P. J. Gilfeather, Great Falls, for respondents. P. J. Gilfeather argued orally.

THE HONORABLE W. W. LESSLEY, District Judge. sitting in place of MR. CHIEF JUSTICE HARRISON, delivered the Opinion of the Court.

This is an injunction action by the State of Montana on relation of the County of Cascade and its county commissioners against the assessor, clerk and recorder and treasurer of Cascade County, and also against the State Board of Equalization and its individual members.

We have here Cause 9943 and Cause 10,015 consolidated for briefing, argument, and appeal. The appeal in Cause No. 9943 is from the trial court's order denying appellant's application to dissolve a restraining order and overruling appellants' demurrer. The appeal in No. 10,015 is from the trial court's judgment and decree.

The banks of Cascade County appealed to the State Board of Equalization to have their "moneyed capital and shares of

banks'' classified for tax purposes under the provisions of Chapter 172, Session Laws of 1957. Relators and respondents refused to conform to the State Board of Equalization. None of the Cascade County banks are parties to this proceeding.

In this connection, the case is novel in that it is one in which the state is against the state and the county is against the county. The banks of Cascade County, who alone are adversely affected, are not parties to this action. However, another appeal before this court, in cause No. 10024 in Yellowstone Bank v. Bd. of Equal., 137 Mont. 198, 351 P.2d 904, involves the same question except as to procedural ones. Therefore we shall not consider the propriety of the proceedings except as hereinafter stated.

Since the filing of these suits, it has been made to appear before this court that all of the banks of Cascade County have paid their 1957 taxes in accordance with the taxable value determined under section 84-308, R.C.M. 1947, *before amendment* by Chapter 172, Session Laws of 1957. This was done as part of a ''compromise settlement'' between the banks of Cascade County and the County Board of Equalization of Cascade County and the office of the county attorney of Cascade County, without the approval of the State Board of Equalization, whereby suits to recover 1957 taxes paid under protest by all the banks of Cascade County were dismissed, upon the agreement that each of the banks of Cascade County be permitted to pay its 1958 ad valorem taxes with an ''equalization factor'' of 70 percent being applicable to its assessment pursuant to a resolution and order of the Board of Equalization of Cascade County dated July 30, 1958.

In making the ''compromise settlement'' it was made clear by the banks of Cascade County, in writing to the county board and to the county attorney, that ''a primary consideration for the dismissal of the 1957 protest actions is to put an end to all time-consuming and expensive litigation involving said banks.'' See State ex rel. Hagerty v. Rafn, 130 Mont. 554, 304

P.2d 918. Under such an arrangement, it is obvious that this litigation should not continue. The parties who might object, that is the banks of Cascade County, are not parties to this proceeding except by an order of this court granting permission to appear amicus curiae through counsel Wesley Wertz.

It is fundamental that courts will not decide time-consuming cases that could have no practical effect upon existing facts or rights. This is such a case. It is moot.

The lower court is directed to dissolve the injunction and sustain the demurrer in Cause No. 9943. It is further directed to reverse its judgment in Cause No. 10,015 and dismiss. All this, in order that records in the lower court may be at rest.

The proceedings in both causes are dismissed as moot.

MR. JUSTICES BOTTOMLY, ADAIR, ANGSTMAN and CASTLES concur.